IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES LESTER FORSIDE                                                    PLAINTIFF

V.                                        CIVIL ACTION NO.: 1:16CV27-GHD-DAS

MARK G. WILLIAMSON, ET AL.                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff James Lester Forside, a Mississippi inmate housed at the Mississippi State Penitentiary, has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against Defendants Mark G. Williamson, Lee S. Coleman, and the Oktibbeha County Court. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed for the reasons that follow.

### Screening Standards

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A

complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Analysis**

Plaintiff maintains that an attorney, Defendant Mark S. Williamson, was court-appointed to represent Plaintiff on burglary charges in May 2014. Plaintiff alleges that Williamson only met with him on one occasion, and that Williamson forced Plaintiff to take a guilty plea, even though Plaintiff wanted to go to trial. According to Plaintiff, Williamson stated that he would not represent Plaintiff at a trial, and he frightened Plaintiff into believing that he would be sentenced to fifty years' imprisonment if he went to trial. Plaintiff asserts that such behavior chilled him from exercising his constitutional rights, and by way of relief, he asks this Court to dismiss his criminal case or vacate his guilty plea.

In *Heck v. Humphrey*, the United States Supreme Court held that a plaintiff cannot challenge an allegedly unconstitutional criminal conviction in a § 1983 suit unless that conviction has first been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that the plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). Plaintiff's claims concerning his attorney's performance imply the invalidity of the criminal

judgment against him. *See Shaw v. Harris*, 116 F. App'x 499, 499 (5th Cir.2004) (holding claims of ineffectiveness of defense counsel necessarily imply the invalidity of the conviction). Plaintiff's criminal conviction has not been invalidated. Therefore, *Heck* bars this lawsuit.

The Court otherwise notes that Plaintiff cannot bring suit against his court-appointed attorney in a § 1983 action, as in order to state a claim under § 1983, Plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's court-appointed attorney was not acting as a "state actor" and cannot be sued under § 1983. *See, e.g., Mills v.Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir.1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir.1985) (holding that retained attorney does not act under color of state law).[1]

Accordingly, Plaintiff's claims are barred by *Heck*, and this suit will be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir.1996) (holding that a claim governed by *Heck* bar "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

## Conclusion

Plaintiff's claims are barred by the rule in *Heck v. Humphrey*, and this action is **DISMISSED WITH PREJUDICE** as legally frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is cautioned that once he

---

[1] An exception, inapplicable in this case, exists if the non-state actor is willfully and "jointly engaged with state officials" in some unlawful action. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

3

accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

SO ORDERED this the 23rd day of February, 2016.

_____
**SENIOR U.S. DISTRICT JUDGE**